

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,442-01 & WR-90,442-02

### EX PARTE DEREK LEE CASEY, JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 12110-D & 12111-D IN THE 350TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam.*

## O P I N I O N

Applicant was convicted of two charges of aggravated assault of a public servant and sentenced to twenty-five years' imprisonment in each case. Upon Applicant's motion to withdraw, the Eleventh Court of Appeals dismissed his appeal. *Casey v. State*, No. 11-17-00138-CR (Tex. App.—Eastland Dec. 14, 2017) (not designated for publication). Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

Applicant contends, among other things, that his plea was involuntary because the State withheld material information from the defense, specifically that the officers did not identify

themselves, and that trial counsel misadvised Applicant that the evidence would show that the officers identified themselves. The trial court recommended denying relief based on its finding that the alleged "failure to identify" was either untrue or unknown to the prosecutor and that the *Brady* violation appears to be based on speculation by Applicant. Based on the record available to this Court at the time, we disagreed and granted relief.

The State filed a motion for rehearing and supplemented the record, and this Court granted the motion. The applications were remanded to the trial court to make new findings of fact and conclusions of law on the claims raised in Applicant's writ applications. After considering the supplements, the trial court issued new findings of fact and conclusions of law concluding that Applicant is not entitled to relief and recommending this Court deny such.

Based on the trial court's findings of fact, as well as this Court's independent review of the entire record, it is now clear to this Court that Applicant's *Brady* violation claim is without merit and that he has failed to meet his burden to show that, but for counsel's alleged deficient conduct, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). Therefore, we deny relief.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 15, 2022

Do not publish